[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12107
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00245-GAP-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DALE MATTHEWS CLAR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 12, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Dale Matthews Clar appeals his convictions for two counts of bank robbery, 18 U.S.C. § 2113(a), (d), and two counts of possessing a firearm during a crime of violence, *id.* § 924(c)(1)(A). Clar challenges the admission of evidence at trial about a third bank robbery for which he was not charged. We affirm.

The district court did not abuse its discretion when it admitted evidence of the uncharged robbery. Although the district court admitted the evidence under Federal Rule of Evidence 404(b), we can affirm for any reason supported by the record, *United States v. Ford*, 784 F.3d 1386, 1391 (11th Cir. 2015), which reveals that the robbery was intrinsic to the crimes charged. "[E]vidence of uncharged conduct that is part of the same scheme or series of transactions and uses the same *modus operandi* as the charged offenses is admissible as intrinsic evidence outside the scope of Rule 404(b)." *Id.* at 1394. Testimony from four employees of the Chase Bank in Apopka, Florida, and surveillance recordings established that the robberies allegedly committed by Clar on April 3, 2013, and September 6, 2013, were committed in a manner virtually identical to an earlier robbery of the bank on January 4, 2013. The employees testified consistently that, during the three robberies, a tall Caucasian man wearing green scrubs, a mask, and glasses approached a bank teller, brandished a black firearm, and demanded money, which he put inside a red cooler. Two of the employees also testified that the robber fled from the robberies during January and April in a vehicle with its license plate

2

covered with the image of a rainbow, and an employee who witnessed the robbery in January described the getaway car as a Toyota Camry. Evidence also is intrinsic "if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted," *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007), and three of the witnesses described the robberies in April and September by referring to their accounts of the robbery in January.

Clar argues that he was unduly prejudiced by the admission of the evidence, but any prejudice was substantially outweighed by the probative value of the testimony about another bank robbery. *See* Fed. R. Evid. 403. Accounts of the robbery in January corroborated Clar's confessions to robbing a Chase Bank on three occasions while wearing the same disguise, carrying a cooler, wielding a gun, and escaping in a Toyota Camry. *See Edouard*, 485 F.3d at 1345. Moreover, the district court eradicated any potential prejudice to Clar by instructing the jury that it could consider evidence of similar acts only to "decide whether [Clar] had the state of mind of intent necessary for the crime charged, acted according to a plan or to prepare to commit a crime or committed the charged acts by accident or mistake," and then by referring to that instruction to respond to a note sent by the jury during its deliberations. *See id.* at 1346.

We **AFFIRM** Clar's convictions.